IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WESTLEY A. RETZLER         :        CIVIL ACTION
LAURA LEA WARDEN           :
    v.                     :
                           :
KENNETH MEEHAN, et al.     :        NO. 09-2384

**M E M O R A N D U M**

SCHILLER, J.                        JUNE  5 , 2009

    Plaintiffs have filed a pro se civil rights lawsuit against fifteen defendants. They are alleging, in essence, that their constitutional rights were violated because plaintiff Retzler received a citation for littering in May of 2007.

    Pursuant to 28 U.S.C. § 1915, when a civil action is filed in forma pauperis, the Court shall dismiss the action if the case is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). For the following reasons, all of plaintiffs' claims, except the claims against Officer Jason Mancuso, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   DISCUSSION

    A.  Claims against Kenneth Meehan, Monica Meehan, Doris Ritter, Jane Doe, Katie Matarazzo, Bucks County Detectives, Bucks Detective John Knowles, Bucks Detective Robert Gurman, Bristol Township, Sergeant Kevin Burns and Bucks Detective Terry Lachman

    In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). Plaintiffs' complaint does not contain any references to Jane Doe, Katie Matarazzo, Bucks County Detectives, Bucks Detective John Knowles, Bucks Detective Robert Gurman, Bristol Township, Sergeant Kevin Burns and Bucks Detective Terry

Lachman. Accordingly, the claims against these defendants will be dismissed.

Plaintiffs' claims against Kenneth Meehan, Monica Meehan and Doris Ritter must also be dismissed because there are no allegations in the complaint that would allow this Court to find that they are state actors. Although plaintiffs allege that these defendants were involved in a conspiracy with Officer Mancuso, the Bristol Township Police and the Bucks County District Attorney, these bald assertions are insufficient to support a conspiracy based claim against these defendants in this action. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims may be dismissed as legally frivolous where claims are not based on fact, but rather on plaintiff's suspicion and speculation).

### B. Claims against Bristol Township Police Department

The Bristol Township Police Department is not a separate legal entity, which can be sued under § 1983. See Padilla v. Twp. of Cherry Hill, 110 F.Appx. 272, 278 (3d Cir. 2004); see also Bonenberger v. Plymouth Twp.,132 F.3d 20, 25 n.4 (3d Cir.1997); Toth v. Bristol Twp., 215 F. Supp.2d 595, 599 (E.D. Pa. 2002). Thus, plaintiffs' claims against the Bristol Township Police Department will be dismissed.

### C. Claims against the Bucks County District Attorney's Office and District Attorney Thomas Destephano

The Bucks County District Attorney's office is not an entity that is subject to liability under § 1983. See Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997). Furthermore,

the doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the complaint to suggest that District Attorney Thomas Destephano acted outside of the scope of his prosecutorial duties. Therefore, the claims against District Attorney Thomas Destefano will also be dismissed.

## II. CONCLUSION

For the foregoing reasons, all of plaintiffs' claims, except the claims against defendant, Officer Jason Mancuso, will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiffs' claims against defendant Mancuso may proceed.

An appropriate order follows.